# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| SHANE OWEN GLASGOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16CV55 ERW |
| ) | |
| JON BAGLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Shane Owen Glasgow for leave to commence this action without prepayment of the filing fee. (Docket No. 10). For the reasons stated below, the Court finds that plaintiff lacks sufficient funds to pay any portion of the filing fee. In addition, the Court has reviewed the amended complaint, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

1

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a certified inmate account statement for the period of December 1, 2015 through June 6, 2016, showing a starting and ending balance of less than $1.00. (Docket No. 11). The Court therefore determines that plaintiff is unable to pay any portion of the filing fee.

## 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the

Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

**The Amended Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against police officers Stuart Hughes, Joel Dixon, Josh Hoover and Brandon Pearson; Sheriff's Office employee Tom Parks; prosecutor Tracy Carlson; Judges Scot Othic and Andrea Vandeloecht; and the Adair County Jail. The allegations in the amended complaint stem from plaintiff's March 23, 2016 traffic stop and arrest for driving without a valid driver's license and resisting arrest, and his subsequent prosecution and sentencing.[1] Plaintiff alleges that the traffic stop and arrest violated Article 1 Section 10 of the Constitution, and characterizes his arrest as kidnapping, fraud and felonious restraint. He also alleges that his arrest, prosecution and sentencing were the result of a conspiracy among the various defendants. Regarding the Adair County Jail, plaintiff alleges that it lacked a proper law library. Plaintiff seeks $1,000,000.00 in damages, the dismissal of his criminal case, and the right to drive without a driver's license.

---

[1] Cause Number 16LI-CR00106-01, in which plaintiff pled guilty to driving while revoked/suspended and resisting arrest and fleeing, and was sentenced to a four-year term of incarceration.

## Discussion

Plaintiff is before the Court in forma pauperis, meaning the Court has a duty to dismiss the case at any time if it determines that fails to state a claim upon which relief can be granted, is frivolous, or malicious. 28 U.S.C. § 1915(e)(2). Upon consideration, the Court determines that plaintiff's amended complaint is subject to dismissal because it fails to state a claim upon which relief can be granted and also because it is frivolous.

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The amended complaint is silent regarding whether the Sheriff's Office defendant and the police officer defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *see also Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs him or her. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). In the case at bar, the amended complaint contains no allegations that a policy or custom of the government entity that employed the Sheriff's Office defendant or the police officer defendants was responsible for the alleged violations of plaintiff's constitutional rights. As a result, it fails to state a claim upon which relief can be granted with respect to those defendants, and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The amended complaint is also subject to dismissal because it is frivolous. *Id*; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (complaint is frivolous if it lacks "an arguable basis either in law or in fact.") Plaintiff's claims against the Adair County Jail are legally frivolous because that defendant is not a suable entity. *See Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D. N.Y. 1994) (jails are not entities amenable to suit); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890 (E.D. Va. 1992) (local jails are not "persons" under § 1983). Similarly, Judges, *Pierson v. Ray*, 386 U.S. 547 (1967) and prosecutors, *Imbler v. Pachtman*, 424 U.S. 409 (1976) may not be held liable for damages under § 1983 for the performance of their respective duties in judicial proceedings.

Plaintiff's claims would fail even if he had properly alleged them against a proper party-defendant. Article 1, Section 10 of the United States Constitution, cited by plaintiff, does not grant plaintiff the right to operate a motor vehicle without a valid driver's license, nor does it protect him from being pulled over and arrested for doing so. Plaintiff's allegations that his arrest, prosecution and sentencing were the result of a conspiracy among the defendants are conclusory and nonsensical, and fail to plausibly suggest entitlement to relief. *See Iqbal*, 129 S. Ct. at 1951. Finally, obtaining dismissal of a state conviction and being granted the right to drive a car without a valid driver's license are not remedies available in a § 1983 action. *See Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 10) is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the amended complaint because it fails to state a claim upon which relief can be granted and is frivolous.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint and all of his causes of action against all defendants are hereby **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of October, 2016.

*/s/ E. Richard Webber*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE